# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| KEVIN JOSEPH HUNTER, | ) | Case No.: 2:09-cv-2284-RLH-PAL |
|---|---|---|
| Plaintiff, | ) | **O R D E R** |
| vs. | ) | (Motion to Dismiss–#2; Motion to Dismiss Amended Complaint–#13) |
| CLARK COUNTY SOCIAL SERVICES, et al., | ) | |
| Defendants. | ) | |

Before the Court is Defendants Clark County Social Services et. al.'s **Motion to Dismiss** (#2), filed December 23, 2009.

Also before the Court is Defendants' **Motion to Dismiss Amended Complaint** (#13), filed April 15, 2010.  The Court has also considered Plaintiff Kevin Joseph Hunter's Opposition (#15), filed May 6, 2010.

**BACKGROUND**

Plaintiff, who is representing himself in this action, has filed a § 1983 claim against Defendants for violation of his civil rights under the Fourteenth Amendment.  Plaintiff alleges the Clark County Social Services and the individual Defendants—Maryann Salman, Anthony Malone, and Dawn Sanchez—violated his due process rights by denying him access to his social services case file and thereby interfering with his ability to appeal the denial of his social services benefits.

1   Plaintiff sues all Defendants in their official capacities.  On December 23, Defendants filed a
2   motion to dismiss Plaintiff's complaint, which is now before this Court.
3           On March 5, 2010, Magistrate Judge Leen screened Plaintiff's complaint pursuant
4   to 28 U.S.C. 1915(a) and determined Plaintiff had not stated a viable Fourteenth Amendment
5   claim for two reasons.  First, Plaintiff failed to allege that he had a protectible property interest in
6   obtaining possession of his social services case file.  Second, Plaintiff failed to allege that
7   Defendants acted pursuant to Clark County custom or policy, as is required when a plaintiff brings
8   claims against state officials in their official capacities.  Accordingly, Judge Leen dismissed
9   Plaintiff's complaint and gave Plaintiff thirty days to bring an amended complaint if he believed
10  "the noted deficiencies [could] be corrected."  (Dkt. #7, Order 4.)
11          On April 6, Plaintiff filed an amended complaint.  On April 15, Defendants moved
12  to dismiss the amended complaint.  For the reasons discussed below, the Court denies as moot
13  Defendants' motion to dismiss and grants Defendants' motion to dismiss the amended complaint.

**DISCUSSION**

**I.  Motion to Dismiss**

16          Defendants moved to dismiss Plaintiff's lawsuit shortly after it was filed.  This
17  motion is now moot because Judge Leen dismissed the complaint under 28 U.S.C. § 1915(a).  The
18  Court therefore denies Defendants' motion as moot and considers Plaintiff's amended complaint,
19  which is the operative complaint in this case.

**II.  Motion to Dismiss Amended Complaint**

21          The Court grants Defendants' motion to dismiss Plaintiff's amended complaint
22  because Plaintiff has not cured any of the deficiencies that were present in his initial complaint.
23  As noted by Judge Leen, Plaintiff cannot bring a proper Fourteenth Amendment claim if he does
24  not claim to have a protectible property interest in his social services file and if he does not allege
25  that Defendants acted pursuant to a Clark County custom or policy.  Like his original complaint,
26  /

AO 72
(Rev. 8/82)

Plaintiff's amended complaint does not address either one of these issues. Consequently, Plaintiff's amended complaint fails as a matter of law and must be dismissed.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#2) is DENIED as moot.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss Amended Complaint (#13) is GRANTED.

The Clerk of the Court is ordered to close this case.

Dated: May 12, 2010.

_____
**ROGER L. HUNT**
**Chief United States District Judge**